Johnson, J.
delivered the opinion of the Court.
The act of the legislature of the 29th July? 1769, (Pub. Laws, 273,) provides, that “ no person shall be held to bail on any writ of capias ad respondendum for debt, unless an affidavit shall be made before, and attested by, some Judge or Justice of the peace, and endorsed on, or annexed to, the writ, before the service thereof, of the sum really due,” &c. When an affidavit is made before a Judge or Justice of the peace of the state, their certificate alone is sufficient evidence of the fact, because we ¿now that the law authorizes them to administer an oath in that behalf, and their appointment being by the supreme authority of the state, and their certificates are *281 regarded as official public acts. But this cannot apply to those made without the limits of the State, because we are not presumed to know the powers of an officer of another State, nor to recognize their official acts, further than we are required by express law. It would, therefore, be unsafe to trust the personal liberty of a citizen in the hands of those we know not, without a greater security than we feel in the bare certificate of an obscure Justice or Notary, easily forged, and difficult to detect. If, however, there was sufficient evidence that the oath required by the act had been taken before a proper authority, although without the State, I should be disposed to consider it as a compliance with the spirit and meaning of the act. With a view, therefore, of settling the practice, I will state what appears to me would amount to sufficient evidence to authorize a sheriff to hold a defendant to bail.
Charleston,
May, 1817.
what tinas of attestation and deemed*'11 sumcient to hold to state.1,1111 this
1st. That an affidavit should be made before a Judge or Justice of the peace in the State, that the affidavit so made out of the State was made before a person who, the deponent believes, had competent authority to administer an oath; -that the plaintiff, or other person who subscribed the affidavit, did take the oath, and that the handwriting, so subscribed, is the hand-writing of the said plaintiff, or other person, and that the attestation thereto is the hand-writing of the Judge or J ustice before whom it purports to have been taken. This is the rule laid down on the construction of *282 a similar statute in England. 1st Sellen’s Practice, 110.
Cogdell, for the motion.
Richardson, contra.
2d. I would also, on the principles of the act of Congress regulating the manner in which exemplifications of records and public documents of one State shall be certified, so as to make them evidence in another, be disposed to consider the following as sufficient evidence of an affidavit made out of the State. A certificate, under the seal of a Court of Record, having jurisdiction where the Justice (if made before a Justice) resides, that he is such Justice, and is authorized to administer an oath in that behalf, and that the said certificate is in due form of law. And the certificate of a presiding Judge of such Court, that the person who gives such certificate is the Clerk of the Court, and that it is in due form of law; or if made before a Judge, the certificate of the Governor, Secretary of State, or the keeper of the great seal, that he is such Judge, and that he is authorized to administer an oath, and that his certificate is in due form.
I am therefore of opinion that the decision of tlie Circuit Court ought to be reversed, and that the bail in this case ought to be discharged.
The other Judges concurred.